IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
      Petitioner,

vs.                              Case No. 3:10cv240/LAC/EMT

WALTER A. McNEIL,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the court on Petitioner's "Motion to Vacate, Set Aside Judgment w/Motion for Entry of Default Judgement [sic]" (Doc. 30). Petitioner contends the court erroneously granted Respondent two extensions of time to file an answer to Petitioner's habeas petition (*id.*). As grounds for the court's alleged error, Petitioner contends: (1) Respondent's motions for extension of time were not filed in writing and did not include a notice of hearing, as required by Rule 6 of the Federal Rules of Civil Procedure, (2) Respondent failed to certify its motions under Rule 11 of the Federal Rules of Civil Procedure, (3) the court employed an incorrect legal standard in granting Respondent's motions, and (4) the court lacked subject matter jurisdiction to grant a continuance under Rule 6 (*id.* at 1–2). Petitioner contends he is therefore entitled to a default judgment against Respondent and issuance of the writ (*id.*).

Initially, Petitioner has failed to show that the court erred in granting Respondent's motions for extension of time. Rule 6 of the Federal Rules of Civil Procedure provides, in relevant part:

**(b) Extending Time.**

    **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

**(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; . . .

Fed. R. Civ. P. 6(b)(1). In the instant case, Respondent filed both of its motions for extension of time before the original time and its extension expired. The motions were electronically filed, as required by Rule 5.1 of the Local Rules for the Northern District of Florida; and counsel's electronic filing satisfied the requirements of Rule 11. *See* N.D. Fla. Loc. R. 5.1(A)(1, 7). Additionally, Respondent showed good cause for the extensions in both of its motions. Moreover, a hearing on Respondent's motions was not required prior to the court's granting them. Therefore, Petitioner has failed to show that the court erred in granting Respondent's motions

Additionally, Petitioner is not entitled to a default judgment. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a default may be entered when a party against whom relief is sought has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In the instant case, as Petitioner acknowledges, the undersigned granted Respondent's motions for extension of time to file a responsive pleading, extending the deadline to February 23, 2011 (*see* Docs. 19, 26). As this deadline has not yet passed, Petitioner is not entitled to a default. Additionally, the Eleventh Circuit has held that default judgments are inappropriate in habeas corpus cases. *See* Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases. . . .").[1]

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Motion to Vacate, Set Aside Judgment w/Motion for Entry of Default Judgement [sic]" (Doc. 30) be **DENIED**.

---

[1] Other circuits agree. *See, e.g.,* Lemons v. O'Sullivan, 54 F.3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments are not available in habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).

At Pensacola, Florida this <u>13th</u> day of January 2011.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

  **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**