IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
    Petitioner,

vs.                                           Case No. 3:10cv240/LAC/EMT

EDWIN G. BUSS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 10). Respondent filed a motion to dismiss the petition for lack of jurisdiction (Doc. 37). Petitioner filed a response in opposition to the motion (Doc. 40).

        Upon thorough review, the court concludes that the motion to dismiss should be granted to the extent that the amended petition should be dismissed without prejudice, and Petitioner given an opportunity to properly present his claims in a second amended petition.

        Following a jury trial, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, Case No. 2007-CF-6067, of one count of grand theft, one count of uttering a forged instrument, and one count of fraudulent use of a credit card (Doc. 10 at 1; Doc. 37 at 1). He was sentenced to three consecutive terms of five years of imprisonment (Doc. 10 at 1). He directly appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-4577 (*id.* at 2). The First DCA affirmed the judgment per curiam without written opinion on December 23, 2009. *See* Marts v. State, 25 So. 3d 1227 (Fla. 1st DCA 2009) (Table).

Petitioner filed the instant federal habeas action on July 2, 2010 (Doc. 1).[1] In his amended petition he asserts one ground for relief, that is, that the customs, practices, and procedures employed by the Florida courts in criminal cases are inadequate, in violation of 28 U.S.C. § 2254(b)(1)(B)(i)(ii) and the Fourteenth Amendment (Doc. 10 at 7).[2] In support of his claim, he asserts state court judges, public defenders, prosecutors, and the Florida attorney general's office have abolished the following rights and procedures to which criminal defendants are entitled:

(1) a probable cause hearing within 48 hours,
(2) adequate notice of the nature of the charges through a formal arraignment,
(3) pre-trial discovery,
(4) "adversary preliminary examinations for confrontation,"
(5) pre-trial depositions,
(6) pre-trial procedures to determine "probable cause on classification of felony charges" and "probable cause on admissibility of evidence for classification of felony information/custody,"
(7) Sixth Amendment right to counsel,
(8) Sixth Amendment right to self-representation,
(9) Sixth Amendment right to a speedy trial,
(10) Fifth Amendment double jeopardy protection,
(11) Sixth Amendment right to a public trial,
(12) due process right to an impartial judge;
(13) First Amendment right to access the courts,
(14) Fourteenth Amendment due process right to a competency hearing,
(15) codes of professional conduct governing prosecutors, judges, and attorneys,
(16) writs of habeas corpus,
(17) the State's constitutional obligation to respond to petition and motions,
(18) trial and appellate judges' constitutional obligation to conduct independent research and investigation of state court records for determination of error,
(19) substantive rules governing admissibility of evidence,

---

[1] Prior to filing his federal petition, and while it has been pending, Petitioner apparently filed over nine applications for post-conviction relief in the First DCA and the Florida Supreme Court, all of which were denied (*see* Doc. 40 at 4). On January 24, 2011, the First DCA sanctioned Petitioner for abuse of the legal process by barring any future pro se filings in the First DCA concerning his criminal case, unless such filings are signed by a member in good standing of The Florida Bar (*see* Doc. 40, Attach. 1). *See* Marts v. State, — So. 3d —, 2011 WL 198386, at *1 (Fla. 1st DCA 2011).

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case No. 3:10cv240/LAC/EMT

   (20) substantive rules of criminal law and procedure governing judicial protocol in processing criminal cases,
   (21) Florida Rules of Appellate Procedure,
   (22) Fourteenth Amendment due process right to review of convictions (by appellate courts issuing per curiam decisions without written opinions),
   (23) First and Ninth Amendment right to petition state court for redress by application for discretionary review to the Florida Supreme Court (by limiting the Florida Supreme Court's review of per curiam decisions of appellate courts),
   (24) state statutory provisions governing classification of offenses and penalties for misdemeanors, and
   (25) state statutory provisions governing affirmative defenses in criminal cases involving charges of attempt.

(*id.* at 7–11). Petitioner contends the aforementioned violations divest the state courts of subject matter jurisdiction to review criminal judgments on direct and collateral review (*id.* at 8). He states he is "reserving" additional habeas claims pending resolution of Ground One (*id.* at 7, 12). As relief, he seeks a determination that state procedures are inadequate and an order discharging him from custody (*id.* at 13).

  In Petitioner's supporting memorandum, he asserts that the lack of an adequate state corrective process constitutes a structural defect which divests the state courts of jurisdiction to review his conviction and vests the federal courts with jurisdiction to conduct habeas review (Doc. 11 at 1–3). He states, with emphasis, "the habeas corpus [petition] <u>does not challenge conviction, but adequacy of state court procedures</u>, which <u>exempts</u> exhaustion doctrine because its [sic] inapplicable." (*id.* at 3). He asserts his allegations present exceptional circumstances which override interests of comity and demonstrate that any application for relief in state court would be futile (*id.* at 3–4). He asks the court to make a "threshold determination" of the adequacy of state court procedures under § 2254(b)(1)(B)(i)(ii) (*id.* at 3, 5).

  Respondent contends the petition should be dismissed for lack of jurisdiction because Petitioner failed to present a claim cognizable in habeas corpus (Doc. 37). Respondent argues Petitioner himself describes his petition as not presenting a challenge to his conviction but to the adequacy of state court procedures, which is not a cognizable basis for habeas relief (*id.* at 2–7). Respondent further argues Petitioner does not include factual allegations showing that his judgment

of conviction and sentence was obtained in violation of his federal constitutional rights (*id.*). Therefore, the petition should be dismissed.

In Petitioner's response to the motion to dismiss, he makes some specific arguments relating to the validity of his conviction, including: (1) his conviction for grand theft is unconstitutional because the prosecutor conceded to suppression of a bank withdrawal slip on Fourth Amendment grounds, which constituted a nolle prosequendum of the charge; (2) his due process rights were violated when he was committed to a mental health facility without a competency hearing or a report from a mental health expert; and (3) the evidence was insufficient to support his conviction for grand theft (Doc. 40 at 2–6).[3] He additionally repeats his argument that state court procedures are inadequate under § 2254(b)(1)(B)(i, ii) (*id.* at 7–10).

The undersigned agrees with Respondent that Petitioner has not properly presented a claim for habeas relief under § 2254. In his amended petition, he does not assert facts demonstrating that his conviction and sentence were obtained in violation of his federal constitutional rights. Instead, he propounds general constitutional challenges to state court procedures and argues these deficiencies excuse him from the exhaustion requirement set forth in § 2254(b)(1)(B). Although Petitioner raises more specific challenges to his grand theft conviction in his response to Respondent's motion to dismiss, this does not constitute proper presentation of his habeas claims. To properly raise a claim for habeas relief, Petitioner must set forth all grounds on which he claims he is being held in violation of the Constitution or federal law, and he must provide a summary of specific facts in support of each ground <u>in his habeas petition</u>. Petitioner has not done so.

Additionally, Petitioner's contention that state procedures are inadequate under 28 U.S.C. § 2254(b)(1)(B) does not state a basis for habeas relief. Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or

---

[3] The undersigned has done her best to glean and articulate Petitioner's arguments from his largely incomprehensible pleadings.

Case No. 3:10cv240/LAC/EMT

    (B) (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). This provision does not, of itself, provide a basis for relief; it merely sets forth the exhaustion requirement and circumstances under which a petitioner may be excused from fulfilling that requirement.

Furthermore, Petitioner's request for a judicial determination that he is entitled to be excused from the exhaustion requirement is premature. The exhaustion requirement is not jurisdictional. *See* Rose v. Lundy, 455 U.S. 509, 515–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). It may be waived by the State. *See* Davis v. Dagger, 829 F.2d 1513, 1521 (11th Cir. 1987). Upon Petitioner's properly presenting habeas claims, the State will be required to file an answer addressing the exhaustion issue as to each claim. If the State asserts Petitioner failed to exhaust certain or all claims, Petitioner will be provided an opportunity to argue the exhaustion issue, including the argument that he should be excused from the exhaustion requirement because state process is unavailable or ineffective. Until that time, the court will not consider the exhaustion issue.

Finally, to the extent Petitioner challenges the process afforded him in state collateral proceedings, he is not entitled to relief. It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner to assert such challenges. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *See* Quince v. Crosby, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (affirming district court's denial of habeas relief based on state court judge's refusal to recuse himself from the Rule 3.850 hearing, explaining "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); Spradley v. Dagger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) (concluding § 2254 claim that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief"). Therefore, to the extent Petitioner challenges only the process afforded him

in the state collateral review proceeding and does not present a constitutional challenge to Petitioner's confinement, it does not provide a basis for federal habeas relief.

For the aforementioned reasons, the undersigned concludes Respondent's motion to dismiss should be granted, though not on jurisdictional grounds. Petitioner's filings, specifically, his response to the motion to dismiss, suggest he may be able to plead facts that state a cognizable claim for habeas relief. Therefore, while the amended petition is subject to dismissal for Petitioner's failure to properly present grounds demonstrating a basis for habeas relief, he should be provided an opportunity to properly present his claims in a second amended petition.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 37) be **GRANTED** on the ground that the amended petition fails to properly present grounds demonstrating a basis for habeas relief.

2. That the amended petition for writ of habeas corpus (Doc. 10) be **DISMISSED without prejudice** to Petitioner's filing a second amended petition.

3. That his matter be referred to the assigned magistrate judge for issuance of an order directing Petitioner to file a second amended petition.

4. That Petitioner be instructed not to file a second amended petition until directed to do so by the assigned magistrate judge.

At Pensacola, Florida, this 20th day of May 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**